UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN SHEA, an individual,

    Plaintiff, individually and on behalf
    of all other persons similarly situated,

vs.

SPECIALIZED LOAN SERVICES LLC,

    Defendant.

CASE NO: 8: 20-CV-1935-JSM-CPT

JURY TRIAL DEMANDED

AMENDED COMPLAINT INCLUDING CLASS ACTION ALLEGATIONS

Plaintiff, Stephen Shea (Plaintiff), individually and on behalf of all other persons similarly situated, for his complaint against Specialized Loan Servicing, LLC (SLS or Defendant) alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

NATURE OF ACTION

1. This action arises under the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (FCCPA), Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, (FDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Plaintiff brings both individual and class causes of action.

2. This case involves repeat violations of the aforesaid statutes by Defendant SLS. Plaintiff is the subject of a foreclosure action filed by the Bank of New York Mellon, Case No. 2019-C-001135, Circuit Court of the Sixth Judicial Circuit, in and for Pasco County. SLS is the loan servicer for Bank of New York Mellon.

3. SLS is part of the Computershare Loan Services brand, a global company founded in Melbourne, Australia. Computer Loan Services describes itself as follows:

> Computershare Loan Services (CLS) is a leading international third party mortgage service provider.  We currently serve over $100 billion of loans globally and support hundreds of thousands of customers through the lifecycle of their loans. We provide a variety of services including credit risk solutions, secondary market services,    property    solutions    and    third-party    servicing. https://www.computershareloanservices.com/us/about-us/our-history.

SLS also functions as a debt collector.  SLS has 1,500 employees, multiple locations throughout the county, and annual revenues in excess of $180 million.

4. The foreclosure action was initiated against Plaintiff on April 1, 2019.  Shortly, thereafter, SLS began, not only debt collection activity directed towards Plaintiff, but also offered Plaintiff its services of mortgage relief assistance.   On June 18, 2020, SLS sent a letter to Plaintiff stating that it would be continuing with the foreclosure process and also offering mortgage relief services.  See letter attached as **Exhibit A** hereto.

5. On or about May 17, 2019, Plaintiff through his attorneys, sent a cease and desist letter to SLS demanding that SLS "cease all contacts with our clients immediately".  See letter attached as **Exhibit B** hereto.  Notwithstanding the clear direction of the letter, SLS proceeded to call and harass Plaintiff thereafter with no less than fifteen calls to his cell phone in violation of the aforesaid statutes.

6. Courts have held that such calls violate the statutes in question, even though Plaintiff chose not to answer them.  The act of initiating the calls itself is illegal.  Plaintiff's call logs attached as **Exhibit C** leave no doubt as to the precise date and time of unlawful calls.

7. SLS's actions are part of a pattern and practice of unlawful conduct towards similarly situated individuals.  It has been involved in numerous prior suits involving similar conduct.  Simply put, SLS is a repeat offender.

8.  For instance, in 2014, SLS was sued in a putative class action in Massachusetts for making robocalls in violation of the TCPA, *Grugnale v. Specialized Loan Servicing, LLC*, (D. Mass. Case. No. 14-12534).

9.  SLS is currently the subject of a pending class action in the Eastern District of New York, *Forbes v. Specialized Loan Servicing, LLC*, No. 18-cv-06561, alleging that it violated the FDCPA by sending a collection letter to the plaintiff that misrepresented the character and legal status of a debt.  SLS threatened to report the debt to credit bureaus even the statute of limitations for reporting the debt had expired.

10.  On May 11, 2020, SLS settled with the U.S. Consumer Financial Protection Bureau and agreed to pay $1.275 million in monetary relief to consumers and a $250,000 civil penalty.  The Bureau's investigation of SLS found that it had taken prohibited foreclosure actions against borrowers who were protected from foreclosure and failed to send timely evaluation notices to borrowers who were entitled to them.

11.  Consumer class actions have been filed against SLS in California and New York.  Justia lists at least fifty civil cases filed against SLS for various deceptive loan practices.

12.  SLS has even been sued before in this District for the same type of unlawful phone calls alleged herein.  In *Herendeen v. Specialized Loan Servicing LLC*, 2018 Bankr. LEXIS 975 (Bankr. M.D. Fl.. March 30, 2018), the Trustee for the consumer debtors sued SLS for making 50 calls to the debtors in violation of the FCCPA and TCPA.  SLSA agreed to pay out $26,000 to resolve the adversary proceeding.  The settlement was approved by the bankruptcy court.  (Case No. 8:14-bk-1437, Docket No. 58).

13.  TCPA and FDCPA claims against SLS are also pending in *Green v. Specialized Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 91403 (N.D. Miss. May 26, 2020) where a motion to dismiss was denied a few months ago.     Further, SLS has been the subject of 791 customer complaints with the Better Business Bureau.

## PARTIES

14.  Plaintiff is an individual residing in Polk County, Florida.

15.  Defendant SLS is a foreign limited liability company engaged in business and under the laws of the State of Florida.

## JURISDICTION AND VENUE

16.   This Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28. U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant removed this action from state court and does not contest the jurisdiction of this Court.

17.  Venue is proper in this District under 28 U.S.C. § 1391(b) since a substantial part of the events giving rise to the claim occurred here and because Defendant regularly transacts business in this District.   Defendant does not contest venue.

## FCCPA, FDCPA, AND TCPA STATUTORY STRUCTURE

18.  The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)

19.  The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of

interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

20.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).  15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

21.   For example, the FDCPA prohibits a debt collector from communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.  *See* 15 U.S.C. §§ 1692c(a)(2).

22.    Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.  *See* Fla. Stat. § 559.72(18).

23.   Significantly, unlawful communications under the FCCPA do <u>not</u> require that a call be answered.   In *Brown v. Flagstar Bancorp, Inc.,* 2014 U.S. Dist. LEXIS 13084 at **5-6, the

court rejected the argument that a claim under the FCCPA (M.D. Fl. February 3, 2014) requires that a call be answered.  *See also Bresko v. M & T Bank Corp.*, 2013 U.S. Dist. LEXIS 135836 at * 5 (M.D. Fl. Sept. 23, 2013).

24.    Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at (5) and (12).

25.    Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

26.    Further, TCPA regulations require that entities maintain internal do not call lists.  47 C.F.R. § 64.1200(d).  Persons who request that calls cease have a private right of action if they receive more than one telephone solicitation within a year.

27.    The unlawful act under the TCPA is the making or initiation of the prohibited call. Courts have held that a plaintiff may assert a TCPA violation for unanswered calls.  *See e.g. Fillichio v. M.R.S. Assocs., Inc.,* 2010 U.S. Dist. LEXIS 112780 at ** 7-8 (S.D. Fl. October 19, 2010).

28.    Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

### GENERAL ALLEGATIONS

29.    At all material times herein, Defendant is a "creditor" as defined by Florida Statutes,

Section 559.55(5).

30. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

31. At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code Section 1692a (6) and Florida Statutes, Section 559.55(7).

32. At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts.

33. At all material times herein, Defendant collects or attempts to collect—directly or indirectly—debts owed or due to another, or asserted to be owed or due to another.

34. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a (3).

35. At all times material herein, Defendant attempted to collect an alleged debt due from Plaintiff, specifically a mortgage loan (hereinafter, "Debt").

36. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *see also Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

37. At all material times herein, Defendant acted itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

38. At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

39. All necessary conditions precedent to the filing of this action occurred or have been

waived by Defendant.

## FACTUAL ALLEGATIONS

40.  Plaintiff purchased property by obtaining a mortgage on May 2, 2006.

41.  Plaintiff defaulted on mortgage and note obligations.

42.  Subsequently, Defendant obtained servicing of the loan.

43.  On April 1, 2019, a foreclosure action was filed against Plaintiff.

44.  On May 1, 2019, Plaintiff's Counsel filed a Notice of Appearance in the Foreclosure case. See NOA attached as **Exhibit D.**

45.  On or around May 17, 2019, Plaintiff's counsel sent over a cease and desist letter. See as **Exhibit B.**

46.  Regardless, Defendant called Plaintiff no less than 15 times in violation of the cease and desist. See Call Logs attached as **Exhibit C.**

47.  Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone numbers ending -1300 and -6184 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV").

48.  Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending -1300 and -6184.

49.  At no time herein did Defendant possess Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, and/or an APV.

50.  Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a

PTDS, or an APV.

51.   Regardless, even if Defendant contends there was consent, that consent was revoked by the cease and desist that was sent. (**Exhibit B**).

52.   Further, SLS is required under TCPA regulations to maintain an internal do not call list.  47 C.F.R. § 64.1200(d).  After SLS received the May 15, 2019 cease and desist letter from Plaintiff's counsel, it was required to put Plaintiff's phone number on its internal do not call list and cease all further calls no more than 30 days thereafter.  SLS failed to do so.  Calls continued unabated during the period July 26, 2019 through May 18, 2020.  These calls were telephone solicitations of offers of mortgage relief services and assistance as well as debt collection calls. Thus, the calls violate the internal do not call regulations as telephone solicitations as well as the automatic telephone dialing system prohibitions.

53.   The initiation of the calls violated the aforesaid statutes and Plaintiff has sustained injury in fact due to the calls.

54.   Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics on each and every call made to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls he is aware of that each caused stress, anxiety, and inability to use his Cellular Telephone when Defendant made such calls, all made in violation of the TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

55.   Plaintiff retained the Law Offices of Consumer Law Attorneys Corp. (hereinafter collectively, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for their services.

56.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

57.    United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, costs, and an award of attorney's fees to Plaintiff, should Plaintiff prevail in this matter against Defendant.

58.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

59.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## CLASS ACTION ALLEGATIONS

60.    Plaintiff brings Counts One, Two and Three under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Classes defined as follows:

**Count One TCPA Class:**

Subclass (i): All persons in the United States who within the last four years (i) received calls from on their cell phones from SLS through its use of an automatic telephone dialing system, a predictive telephone dialing system, and /or an artificial or per-recorded voice without their prior express consent;

Subclass (ii) All persons in the United States who within the last four years requested to be placed on SLS's internal do not call list and continued to receive more than one call in a twelve-month period starting 30 days after the request.

**Count Two FDCPA Class**:  All persons in the United States to whom SLS conveyed debt collection information within the last year after being advised of their representation by counsel.

**Count Three FCCPA Class**:  All Florida residents to whom SLS conveyed debt collection information within the last two years after being advised of their representation by counsel.

61.  Plaintiffs reserve the right to modify the Class definitions as they obtain further information, including telemarketing call records, through discovery.

62. Excluded from the Class are SLS and entities in which SLA has a controlling interest, its agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff or immediate family.   This suit seeks only statutory damages and injunctive relief.  It is expressly not intended to allege claims for personal injury or emotional distress.

63.  The proposed Class can be identified through the business and telephone records of SLS.

64.  The number of Class Members is so numerous that individual joinder of all Class Members is impracticable.

65.  Plaintiff is a member of the proposed Classes.

66.   There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.  Did SLS call the cell phones of Plaintiff and Class Members through the use of an automatic telephone dialing system, a predictive telephone dialing system, and /or an artificial or per-recorded voice without their prior express consent?

b.  Did SLS initiate calls to Plaintiffs and Class Members after being requested by Plaintiff and Class Member to be placed on an internal do not call list?

c.  Did the aforesaid conduct violate the TCPA?

11

d.  Did SLS continue to communicate with Plaintiff and Class Members concerning debt collection after being advised of their representation by counsel?

e.  Did the aforesaid conduct violate the FDCPA?

f.  Did the aforesaid conduct violate the FCCPA?

g.   Did SLS act willfully so as to entitle Plaintiffs and the Class Members to treble damages?

h.  Should SLS be enjoined from further unlawful conduct?

67.  Plaintiff's claims are typical of the claims of Class Members.

68.  Plaintiff's interests do not conflict with those of Class Members.   He will fairly and adequately protect interests of Class Members.  He is represented by counsel experienced in class action litigation.

69.   Common questions of law and fact predominate over questions affecting only individual Class Members, and a class action is superior to other methods for the fair and efficient adjudication of this controversy.

70.  The interest of Class Members in individually controlling the prosecution of separate claims against SLS is small due to the time and expense necessary to pursue individual litigation. Management of these claims in a class action poses no significant impediments.

71.  SLS has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate.   Plaintiff is informed and believe that the TCPA, FDCPA and FCCPA violations complained of herein are likely to continue unless an injunction is entered.


**COUNT ONE (CLASS CLAIM):**
**TELEPHONE CONSUMER PROTECTION ACT-**

## <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

72.   Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's or the Class Members' prior express consent.

73.  More specifically, Defendant used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* fifteen (15) times in its attempt to collect the Debt.

74.  Plaintiff is informed and believes that multiple such calls were made to Class Members.

75.  At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone.  Similarly, Defendant had no consent to call Subclass (ii) Members.

76.   Additionally, if Defendant contends these phone calls were made for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's or Class Members' cellular phones using and an ATDS, a PTDS, or an APV.

77.  In addition, SLS violated the TCPA by ignoring the request of Plaintiff and Subclass (ii) Members that calls cease.  They should be placed on an internal do not call list.

78.  Further, regardless of any alleged prior consent, that consent was revoked when instant the Plaintiff and Subclass (ii) Members requested that calls cease.

79.  As a direct and proximate result of the immediately-aforementioned Defendant's conduct, namely on each of the Debt collection calls made, Plaintiff and Class Members suffered:

a.     the periodic loss of their Cellular Telephone service;

b.     lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

c.     expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.     stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.     statutory damages.

**COUNT TWO (CLASS CLAIM):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

80.    Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692c(a)(2), which prohibits debt collectors from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

81.    Specifically, Defendant was put on notice of Plaintiff's representation as evidenced by the cease and desist and notice of appearance.  Similarly, Defendant was put on notice by all Class Members who communicated representation of counsel to SLS.

82.    Defendant is a debt collector and contacted Plaintiff on June 6, 2019 and on numerous

other calls thereafter.  Plaintiff is informed and believes that SLS also contacted similarly situated persons after being advised of representation by counsel.

83.   As a direct and proximate result of Defendant's actions, Plaintiff and Class Members have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT THREE (CLASS CLAIM):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

84.   Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) that it should not communicate with a debtor if it knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

85.   Specifically, at no time did Defendant have authority to call Plaintiff on June 14, 2019, and anytime thereafter.    Similarly, Defendant has no authority to communicate with Class Members after it was advised that they were represented by counsel.

86.   Despite the same, Defendant called Plaintiff who was represented by counsel. Plaintiff is informed and believes that SLS also contacted Class Members after being advised that they were represented by counsel.

87.   At all material times herein, Defendant knew of Plaintiff's counsel representation and Class Member's representation when communicated to SLS.

15

88.   As such, Defendant knowingly called Plaintiff and Class Members who were represented by counsel.

89.   As a direct and proximate result of Defendants' actions, Plaintiff and Class Members sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR (INDIVDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

90.   Defendant is subject to, and violated the provisions of, Florida Statutes,

Section 559.72(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

91.   Specifically, at no time did Defendant have authority to call Plaintiff on June 14, 2019, and anytime thereafter.

92.   Despite the same, Defendant called Plaintiff who was represented by counsel.

93.   At all material times herein, Defendant knew of Plaintiff's counsel representation.

94.   As such, Defendant knowingly called Plaintiff who was represented by counsel.

95.   As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FIVE (INDIVDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**

## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

96.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) to not communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

97.  Specifically, at no time did Defendant have authority to call Plaintiff on July 26, 2019, and anytime thereafter.

98.  Despite the same, Defendant called Plaintiff who was represented by counsel.

99.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

100.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

101.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT SIX (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

102.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) to not communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily

ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within

30 days to a communication from the person, unless the debtor's attorney consents to a direct

communication with the debtor, or unless the debtor initiates the communication.

103.  Specifically, at no time did Defendant have authority to call Plaintiff on September

14, 2019, and anytime thereafter.

104.  Despite the same, Defendant called Plaintiff who was represented by counsel.

105.  At all material times herein, Defendant knew of Plaintiff's counsel representation. (

106.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

107.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages

as defined by Florida Statutes, Section 559.77.


### COUNT SEVEN (INDIVIDUAL):
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein

and further states as follows:

108.  Defendant is subject to, and violated the provisions of, Florida Statutes,

Section 559.72(18) to not communicate with a debtor if the person knows that the debtor is

represented by an attorney with respect to such debt and has knowledge of, or can readily

ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within

30 days to a communication from the person, unless the debtor's attorney consents to a direct

communication with the debtor, or unless the debtor initiates the communication.

109.  Specifically, at no time did Defendant have authority to call Plaintiff on September

27, 2019, and anytime thereafter.

110.  Despite the same, Defendant called Plaintiff who was represented by counsel.

111.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

112.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

113.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT EIGHT (INDIVIDUAL):
## UNLAWFUL DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

114.  Defendant IS subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

115.  Specifically, at no time did Defendant have authority to call Plaintiff on September 30, 2019 and anytime thereafter.

116.  Despite the same, Defendant called Plaintiff who was represented by counsel.

117.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

118.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

119.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT NINE (INDIVIDUAL):
## UNLAWFUL DEBT COLLECTION PRACTICE –

## <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

120.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

121.  Specifically, at no time did Defendant have authority to call Plaintiff on October 8, 2019, and anytime thereafter.

122.  Despite the same, Defendant called Plaintiff who was represented by counsel.

123.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

124.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

125.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TEN (INDIVIDUAL):
### UNLAWFUL DEBT COLLECTION PRACTICE –
### <u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

126.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such

attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

127.  Specifically, at no time did Defendant have authority to call Plaintiff on October 16, 2019, and anytime thereafter.

128.  Despite the same, Defendant called Plaintiff who was represented by counsel.

129.  At all material times herein, Defendant knew of Plaintiff's counsel representation. (

130.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

131.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT ELEVEN (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

132.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

133.  Specifically, at no time did Defendant have authority to call Plaintiff on October 23, 2019, and anytime thereafter.

134.  Despite the same, Defendant called Plaintiff who was represented by counsel.

135.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

136.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

137.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWELVE (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

138.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

139.  Specifically, at no time did Defendant have authority to call Plaintiff on April 2, 2020, and anytime thereafter.

140.  Despite the same, Defendant called Plaintiff who was represented by counsel.

141. At all material times herein, Defendant knew of Plaintiff's counsel representation.

142.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

143.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THIRTEEN (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

144.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

145.  Specifically, at no time did Defendant have authority to call Plaintiff on April 13, 2020, and anytime thereafter.

146.  Despite the same, Defendant called Plaintiff who was represented by counsel.

147.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

148.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

149.  As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOURTEEN (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

150.  Defendant are subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within

30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

151.  Specifically, at no time did Defendant have authority to call Plaintiff on April 27, 2020, and anytime thereafter.

152.  Despite the same, Defendant called Plaintiff who was represented by counsel.

153.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

154.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

155.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FIFTEEN (INDIVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

156.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

157.  Specifically, at no time did Defendant have authority to call Plaintiff on May 11 2020, and anytime thereafter.

158.  Despite the same, Defendant called Plaintiff who was represented by counsel.

159.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

160.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

161.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT SIXTEEN (INIDVIDUAL):**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

162.  Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) not to communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

163.  Specifically, at no time did Defendant have authority to call Plaintiff on May 18, 2020, and anytime thereafter.

164.  Despite the same, Defendant called Plaintiff who was represented by counsel.

165.  At all material times herein, Defendant knew of Plaintiff's counsel representation.

166.  As such, Defendant knowingly called Plaintiff who was represented by counsel.

167.  As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

a.      Judgment against Defendant declaring that Defendant violated the FCCPA and FDCPA;

b.      Judgment against Defendant declaring that Defendant violated the TCPA;

c.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA.

d.      Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willfully;

e.      Judgment against Defendant for maximum statutory damages for each of the violations of the FCCPA and FDCPA;

f.      Judgment against Defendant for actual damages in an amount to be determined at trial;

g.      Judgment against Defendant for an award of reasonable attorneys' fees and costs;

h.  An order certifying this action as a class action pursuant to Federal Rule of Civil   Procedure 23, establishing a Class and any Sub-Classes the Court deems appropriate, finding that Plaintiff is a proper representative for the Class, appointing Plaintiffs' lawyer as Class Counsel; and

i.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant, and demands that they and their affiliates

safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**Consumer Law Attorneys**

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
litigation@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*

September 15, 2020

<h2 style="text-align: center"><u>CERTIFICATE OF SERVICE</u></h2>

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 15th day of September 2020 and served on all counsel of record.

/s/ *Young Kim*
Attorney
